# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Roland H. Stevens,

                Petitioner,       Case No. 16-cv-12107

v.                                  Judith E. Levy
                                     United States District Judge

Sherman Campbell,

                Respondent.     Mag. Judge Patricia T. Morris

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Roland H. Stevens, a Michigan prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his state conviction and sentence of seven to twenty years for assault with intent to do great bodily harm less than murder ("AWIGBH"). He alleges as grounds for relief that (1) there was insufficient evidence to support his conviction for AWIGBH, (2) the prosecutor committed misconduct by bringing multiple charges against him for one criminal transaction, (3) the jury instruction on assault with intent to do great bodily harm less

than murder was improper, and (4) trial counsel was ineffective for failing to request a jury instruction on aggravated assault.

## I. Background

Stevens was charged with four counts: assault with intent to commit murder, AWIGBH, assault with a dangerous weapon (felonious assault), and first-degree home invasion. *See People v. Stevens*, 306 Mich. App. 620, 623 n.1 (2014). The Michigan Court of Appeals summarized the evidence at Stevens' jury trial:

> Defendant's conviction arises from a stabbing that occurred on March 7, 2012. At the time of the stabbing, the victim, Luther Allbright, lived with two women, Maria Castillo and Sandra Williams. The evening before the stabbing, defendant and Williams went to defendant's apartment, approximately two blocks from Allbright's house. When Williams did not return to Allbright's house, Castillo became concerned, and she and Allbright went to defendant's apartment. After Castillo aggressively knocked on the apartment door, defendant opened the door and punched Castillo, at which time Allbright departed from the building without entering defendant's apartment. Sometime later, Castillo and Williams also departed; but defendant ran after the women and stopped them. Defendant frisked Williams, supposedly looking for possessions he claimed were missing from his apartment.
>
> The following afternoon, defendant went to Allbright's home and a fight ensued. In particular, according to Allbright, defendant entered his home uninvited and asked, "Why did you bring all that drama to my house?" Defendant then punched Allbright in the face, after which defendant wrestled

him to the ground. While the two rolled on the ground, defendant stabbed Allbright twice in the left side of his back, once in the right side of his back (puncturing Allbright's lung), and once in his left arm. He then pinned Allbright to the ground and told him, "I'm King Tut, bitch." Afterward, defendant left Allbright's house, purchased beer at a party store, and returned to his apartment.

At trial, defendant conceded that he brought a knife to Allbright's home and that he stabbed Allbright, but he claimed that he acted in self-defense. According to defendant's version of events, he suffers from several medical conditions, including congestive heart failure. Defendant maintained that, during the fight, Allbright ended up on top of defendant while they were wrestling on the ground and, because of his medical conditions, defendant could not breathe, which prompted him to pull a knife and stab Allbright several times.

The trial court instructed the jury on the theory of self-defense; however, the jury convicted defendant of AWIGBH [Mich. Comp. Laws § 750.84]. The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 7 to 20 years' imprisonment.

*Id.* at 622–23 (footnote omitted).

In his direct appeal, Stevens' appointed appellate attorney argued that the trial court erroneously scored twenty points for prior record variable five and that trial counsel was ineffective for failing to object to the score. (Dkt. 10-17 at 16.) Substitute appellate counsel filed a supplemental brief in which he argued that the guilty verdict for AWIGBH was based on insufficient evidence because the evidence did

not prove beyond a reasonable doubt that Stevens did not act in self-defense. (*Id.* at 82.) The Michigan Court of Appeals addressed all three arguments and affirmed Stevens' conviction. *Stevens*, 306 Mich. App. at 627 n.5 (ineffective assistance of trial counsel), 627–28 (scoring), 628–31 (sufficiency of the evidence).

Stevens raised the same three issues in his application for leave to appeal to the Michigan Supreme Court. (Dkt. 10-18 at 3–5, 14.) He also challenged his status as a fourth habitual offender (*id.* at 6), claimed that he "perjured himself constantly while testifying at trial," but neither the trial attorney, judge, or prosecutor stopped him (*id.* at 15), and raised several new issues concerning his trial attorney, including his failure to object to the jury instruction on aggravated assault. (*Id.* at 7–15.) On May 28, 2015, the Michigan Supreme Court summarily denied leave to appeal. *People v. Stevens*, 497 Mich. 1027 (2015).

Stevens subsequently filed a motion for relief from judgment with the state trial court, arguing that the evidence at trial was insufficient and against the great weight of the evidence to support his AWIGBH conviction and that the prosecutor committed misconduct by bringing multiple charges against him. (Dkt. 10-15 at 2, 4–9.) He asserted a

variety of ineffective assistance of trial counsel claims, including the failure to request a jury instruction on the lesser-offense of aggravated assault. (*Id.* at 2, 10–12.) Finally, he argued that appellate counsel was ineffective for failing to raise these claims on direct appeal. (*Id.* at 11.)

The trial court denied the motion, stating that it was precluded from reviewing his challenge to the sufficiency of the evidence and most of the ineffective assistance of counsel claims because the Court of Appeals had already ruled on those issues. (Dkt. 10-16 at 2–3.) The trial court found that he had not shown "good cause" or "actual prejudice" under Michigan Court Rule 6.508(D)(3) for not raising his ineffective assistance of trial counsel claim on his direct appeal, but it still addressed some of the merits of the ineffective assistance of counsel claim. (*Id.* at 3. (finding that trial counsel was not ineffective for failing to request the lesser-offense jury instruction because it would have been futile because Stevens was not entitled to such an instruction).) It rejected his ineffective assistance of appellate counsel claims under similar reasoning. (*Id.* at 3–4.) Stevens did not appeal the denial.

On June 8, 2016, Stevens filed this habeas corpus petition. (Dkt. 1.) The Court understands his claims to be: (1) the jury's verdict for

AWIGBH was against the weight of the evidence and the evidence was insufficient, (2) the prosecutor committed misconduct by bringing multiple charges stemming from one criminal transaction, (3) the jury instruction on AWIGBH was improper, and (4) trial counsel was ineffective for failing to request a jury instruction on the lesser-offense of aggravated assault. (*Id.* at 5–8.)

## II.   Legal Standard

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits the authority of a federal district court to grant habeas relief on a claim that was adjudicated on the merits by the state courts. *See* § 2254(d). A § 2254 petition may only be granted if the state court adjudication was "contrary to" or resulted in an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). A state-court decision is "contrary to" clearly established law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Moore v. Mitchell*, 708 F.3d 760, 774 (6th Cir. 2013) (citing *Williams v. Taylor*, 529

U.S. 362, 412–13 (2000)). And a state-court decision is an "unreasonable application of clearly established" law "where 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the case.'" *Carter v. Bogan*, 900 F.3d 754, 767 (6th Cir. 2018) (alteration in original) (quoting *Williams*, 529 U.S. at 413).

An "unreasonable application" is more than incorrect; it must be "objectively unreasonable." *Id.* at 767–68 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)). In other words, the federal habeas court must find that "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* (alteration in original) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). A § 2254 petition should be denied if it is within the "realm of possibility" that "fair-minded jurists" could find the state court decision was reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

## III. Analysis

### A. Sufficiency of the Evidence

Stevens raises two arguments under this claim: first, that there was insufficient evidence to support his conviction for AWIGBH in violation of his due process rights and, second, that the jury's verdict was against the great weight of the evidence. (Dkt. 1 at 5.) Specifically, he argues that the victim did not suffer permanent or life-threatening injuries and there was no evidence of an intent to inflict great bodily harm. (*Id.* at 6–7.) However, neither argument warrants habeas relief.

As a preliminary matter, petitioner's weight of the evidence argument cannot be considered in federal habeas proceedings. An "against the weight of the evidence argument" is a state-law claim, and federal courts may only "review issues of federal law in a habeas proceeding." *Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007). However, his claim that there was insufficient evidence to support his conviction can proceed.

"Criminal defendants have a due-process right not to be convicted of a crime 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [they are] charged.'"

*Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018) (alteration in original) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)). Under AEDPA, the Court's "review of a state-court conviction for sufficiency of the evidence is very limited." *Id.* (citing *Brown v. Konteh*, 567 F.3d 191, 204 (6th Cir. 2009)). Such claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam).

First, a federal habeas court must determine whether the conviction meets the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), "whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Thomas*, 898 F.3d at 698 (emphasis in original) (citations and footnote omitted) (quoting *Brown*, 567 F.3d at 205). Federal courts cannot "reweigh the evidence, re-evaluate the credibility or witnesses, or substitute our judgment for that of the jury." *Id.* (same).

Second, the federal habeas court must determine if the state court's decision that there was sufficient evidence is objectively unreasonable. *Coleman*, 566 U.S. at 651. Here, Stevens' conviction satisfies *Jackson* and

the state-court determination that his conviction was supported by sufficient evidence is not unreasonable, even considering his self-defense argument.

In Michigan, "[t]he elements of assault with intent to do great bodily harm less than murder are (1) an assault, i.e., 'an attempt or offer with force and violence to do corporal hurt to another' coupled with (2) a specific intent to do great bodily harm less than murder." *People v. Bailey*, 451 Mich. 657, 668–69 (quoting *People v. Smith*, 217 Mich. 669, 673 (1922)), *amended on denial of reh'g*, 453 Mich. 1204 (1996). The intent to do great bodily harm is "an intent to do serious injury of an aggravated nature." *People v. Russell*, 297 Mich. App. 707, 721 (quoting *People v. Brown*, 267 Mich. App. 141, 147 (2005)). And "[a]n actor's intent may be inferred from all the facts and circumstances, and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *Id.* (quoting *People v. Gonzalez*, 256 Mich. App. 212, 226 (2003)). Such circumstances include "the act itself, the means employed[,] and the manner employed." *People v. Leach*, 114 Mich. App. 732, 735 (1982).

Viewing the record in the light most favorable to the prosecution, there was sufficient evidence so that a rational trier of fact could find each element of AWIGBH beyond a reasonable doubt, specifically that Stevens had the intent to seriously harm Allbright in an aggravated manner. The record shows that Stevens went to Allbright's home with a knife, forced his way into the house, threatened Allbright, and instigated a physical fight with him. Moreover, the physical altercation culminated in Stevens stabbing Allbright four times in his torso and puncturing his lung. The evidence also shows that Stevens initiated this incident to send a message to Allbright for trying to check on Williams. For example, the events of the day before and Stevens' statement after he stabbed Allbright, "I'm King Tut, bitch," suggest a retaliatory motive. Although Allbright luckily did not die or suffer from permanent damage, the evidence, including the stabbing and its manner, shows that at least one rational juror could find Stevens had the requisite intent beyond a reasonable doubt.

Moreover, even if the Court disagreed with the state court, the Court must defer to the Michigan Court of Appeals determination that there was sufficient evidence because it is not contrary to or an

unreasonable application of federal law. The Michigan Court of Appeals examined the evidence, including that Stevens casually left Allbright's home to pick up beer on his way home after the stabbing, before concluding that his "instigation of the fight, his use of a knife, and the serious injury suffered by Allbright" was sufficient evidence permitting a rational juror to find that Stevens had the requisite intent for AWIGBH. *Stevens*, 306 Mich. App. at 629. Thus, the state court's determination was not unreasonable.

This conclusion is not impacted by Stevens' self-defense argument at trial. Self-defense requires that the defendant did not "engage[ ] in the commission of the crime at the time he . . . use[d] deadly force," that "he . . . ha[d] the legal right to be" there, and "the individual honestly and reasonably believed that the use of deadly force [was] necessary to prevent the imminent death of or imminent great bodily harm to himself." Mich. Comp. Laws § 780.972(1)(a). "The prosecution bears the burden of disproving the common law affirmative defense of self-defense beyond a reasonable doubt." *People v.* Dupree, 486 Mich. 693, 697 (2010). The prosecution presented the jury with sufficient evidence to prove beyond a reasonable doubt that Stevens did not have the legal right to be

in Allbright's house, that Stevens initially assaulted Allbright within the home prior to using the knife, and that Stevens could not have reasonably believed the use of deadline force was necessary to move Allbright off of his chest because Allbright was unarmed. And the state court agreed as much, determining that because Stevens' testimony conflicted with "Allbright's description of events," a juror could reasonably "disbelieve [Stevens' testimony that he feared for his life, and so] stabbing Allbright four times was necessary to prevent [his] imminent death." *Stevens*, 306 Mich. App. at 631. Therefore, there was sufficient evidence to discount his self-defense claim, and the state-court decision holding the same was not unreasonable. For these reasons, Stevens is not entitled to habeas relief on his first claim.

## B. Prosecutorial Misconduct

Stevens argues that the prosecutor committed misconduct by charging him with multiple charges for one criminal transaction (Dkt. 1 at 6), but he failed to exhaust this claim in state court and now it is procedurally defaulted.[1] AEDPA restricts habeas review to claims where

---

[1] Respondent did not address this claim because it did not construe the petition as raising it (Dkt. 9 at 6), but the Court declines to order supplemental briefing because respondent is not prejudiced as the Court resolves the claim against Stevens.

"it appears that . . . the applicant has exhausted the remedies available"
to him in state court. § 2254(b)(1), (c). To exhaust a claim, a petitioner
must fairly present the federal claim and then utilize one full round of
state appellate review, which includes an appeal to the state appellate
and supreme courts. *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir.
2015) (citing cases). If a petitioner failed to raise a federal claim before
the state court and cannot return to state court to do so, the claim is
procedurally defaulted in federal habeas corpus proceedings. *Carter v.
Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012). Only by showing cause and
prejudice or that failure to review the claim would lead to a miscarriage
of justice can a petitioner avoid the imposition of procedural default.
*Williams v. Anderson*, 460 F.3d 789, 805–06 (6th Cir. 2006) (citing
*Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)). To show a
miscarriage of justice would result, a petitioner must make a "credible
showing of actual innocence" supported by "new, reliable evidence." *Davis
v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018).

Stevens' claim is procedurally defaulted. He raised the
prosecutorial misconduct claim in his motion for relief from judgment
(Dkt. 10-15 at 6), but the state trial court did not address it when it

denied him relief from judgment. (*See* Dkt. 10-16.) Even though the state trial court overlooked this claim, Stevens was still required to appeal the denial of his motion for relief from judgment and raise that issue again to the state court of appeals and supreme court. But he did not file any appeal from the denial for relief from judgment. Accordingly, he failed to exhaust the claim and cannot go back and exhaust it due to the six-month statute of limitations to file an appeal of a denial from a motion for relief from judgment. Mich. Ct. R. 6.509(A). Stevens was represented by counsel on his direct appeal, which is where he should have raised this claim under Rule 6.508(D)(3). *See Simpson v. Jones*, 238 F.3d 399, 403 (6th Cir. 2000).

Moreover, Stevens has not made a showing of cause and prejudice or actual innocence supported by new evidence that would excuse his procedural default at the post-conviction stage. Although he raises an ineffective assistance of trial counsel claim, which can serve as cause and prejudice, he does not argue that his *appellate* counsel was ineffective for failing to raise this on direct appeal, which again is where it should have been raised. Stevens defaulted his prosecutorial misconduct claim and so

the Court cannot consider the merits of his claim. Therefore, he is not entitled to habeas relief on this claim.

Even if the Court could consider the merits of this claim, Stevens would not be entitled to relief. State law permits prosecutors to file alternative charges. Mich. Comp. Laws § 767.55. Moreover, Stevens does not argue that his indictment did not comply with due process because he lacked notice of the charges, the elements were unclear, or he was subject to double jeopardy. *See Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005). Throughout the trial, it was clear that felonious assault, assault with intent to commit murder, and AWIGBH were alternative charges. The prosecutor requested a jury instruction explaining the alternative charges, which was unopposed (Dkt. 10-12 at 2–3), and the trial court gave it. (*Id.* at 39–40, 46–47). She also noted the nature of the charges in her closing argument. (Dkt. 10-12 at 17–19). There was no lack of notice or unfairness amounting to a due process violation.

## C. Improper Jury Instruction

Stevens argues that the jury instruction on AWIGBH was improper (Dkt. 1 at 8), but this claim is also procedurally defaulted for the same reasons as above. *See supra* Section III.B. It is unclear what Stevens

believes was improper about the instruction, but he appears to be arguing that the trial court should have instructed the jury that AWIGBH is a specific-intent crime. Although the state trial court did not address this claim, which Stevens raised in his motion for relief from judgment (Dkt. 10-15 at 12), he was still obligated to appeal the decision up to the Michigan Supreme Court. Now, he cannot go back to state court and exhaust the claim. Mich. Ct. R. 6.509(A). Therefore, the claim is procedurally defaulted.

For the same reasons as above, Stevens has not shown cause and prejudice or that he is actually innocent for the purposes of avoiding the procedural default, despite his ineffective assistance of trial counsel claim. *Supra* Section III.C; *see also People v. Clark*, 274 Mich. App. 248, 255 (2007) (noting that an improper jury instruction claim in Michigan must be raised on direct appeal). Stevens' default of his jury instruction claim is unexcused, and he is not entitled to habeas relief on this claim.

If the Court could address the merits of this claim, Stevens would still fail. Because jury instructions are generally matters of state law, *see Bagby v. Sowders*, 894 F.2d 792, 795 (6th Cir. 1990), only jury instructions that are "so infirm that they rendered the entire trial

fundamentally unfair" will give rise to habeas relief, *Scott v. Mitchell*, 209 F.3d 854, 882 (6th Cir. 2000) (citing *Coe v. Bell*, 161 F.3d 320, 329 (6th Cir. 1998)). Here, Stevens argues that the instruction was improper under Michigan law (Dkt. 1 at 8), but he does not argue how the instruction so infected his trial that it was fundamentally unfair. Without more, he would not be entitled to habeas relief if the Court reached this argument.

### D. Ineffective Assistance of Trial Counsel

In his fourth and final claim, Stevens argues that his trial attorney provided ineffective assistance by failing to request a jury instruction on the lesser-offense of aggravated assault. (Dkt. 1 at 8.) He raised this claim on his motion for relief from judgment (Dkt. 15 at 12), and the state trial court appears to have considered and rejected the claim as grounds for excusing any state procedural default under Rule 6.508(D)(3). (Dkt. 16 at 3.) However, Stevens failed to appeal this decision. For the same reasons as above, he failed to exhaust his claim, it is now procedurally defaulted, and he has not shown cause or prejudice for failing to raise his claim earlier. *See supra* Sections III.B–C; *see also Ivory v. Jackson*, 509 F.3d 284, 292–93 (6th Cir. 2007) (noting that an ineffective assistance of

trial counsel claim must be raised on direct appeal in Michigan). Accordingly, Stevens is not entitled to habeas relief on this claim.

Again, if the Court did reach this issue, Stevens would not be entitled to relief on the merits of his ineffective assistance of counsel claim. To prevail, he must show "that counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Stevens' trial counsel's decision not to request a jury instruction on aggravated assault, a cognate lesser offense to AWIGBH, was not deficient because Stevens was not entitled to an instruction. *People v. Jones*, 443 Mich. 88, 103 n.21 (1993). Moreover, Stevens admitted to stabbing Allbright, and because aggravated assault cannot be committed with a weapon, Mich. Comp. Laws § 750.81(a)(1), a request for that jury instruction would have been denied. Failure to make futile requests is not ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).

## IV. Certificate of Appealability and *In Forma Pauperis Status*

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Section 2253(c)(2) is satisfied only if reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

For the reasons above, reasonable jurists would not find this Court's assessment of Stevens' claims to be debatable or wrong. Nor would reasonable jurists conclude that the issues deserve encouragement to proceed further. Consequently, Stevens is not entitled to a certificate of appealability. *See Millender v. Adams*, 187 F. Supp.2d 852, 880 (E.D. Mich. 2002).

The Court further concludes that an appeal from this decision could not be taken in good faith. Therefore, even though Stevens was granted leave to proceed *in forma pauperis* in this Court, he may not proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(3)(A).

## V.     <u>Conclusion</u>

For the reasons set forth above, Stevens is not entitled to habeas relief either on the merits or due to his unexcused procedural default, and reasonable jurists could not debate the Court's disposition of his claims.

Accordingly, the petition (Dkt. 1) is **DENIED WITH PREJUDICE**, a certificate of appealability is **DENIED**, and leave to proceed *in forma pauperis* on appeal is **DENIED**.

IT IS SO ORDERED.

Dated: May 15, 2019                    s/Judith E. Levy
     Ann Arbor, Michigan             JUDITH E. LEVY
                                     United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager